Lin v. Barr

BIA
Nelson, IJ
A 072 183 175

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of October, two thousand twenty.

PRESENT:
      DENNIS JACOBS,
      DENNY CHIN,
      JOSEPH F. BIANCO,
         *Circuit Judges.*

_____

XIANG QIU LIN,
      *Petitioner,*

      v.                     18-2074
                               NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
      *Respondent.*

_____

FOR PETITIONER:      Xiang Qiu Lin, pro se, San Lorenzo, CA.

FOR RESPONDENT:      Jeffrey Bossert Clark, Acting Assistant Attorney General; Carl H. McIntyre, Assistant Director;

Benjamin J. Zeitlin, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xiang Qiu Lin, a native and citizen of the People's Republic of China, seeks review of a June 21, 2018, decision of the BIA affirming a January 5, 2018, decision of an Immigration Judge ("IJ") denying Lin's motion to reopen. *In re Xiang Qiu Lin,* No. A 072 183 175 (B.I.A. Jun. 21, 2018), *aff'g* No. A 072 183 175 (Immig. Ct. N.Y. City Jan. 5, 2018). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the IJ's and BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's denial of a motion to reopen for abuse of discretion but review any findings regarding changed country conditions

for substantial evidence. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008). "An abuse of discretion may be found in those circumstances where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the [BIA] has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

An alien seeking to reopen proceedings to apply for new relief may file one motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.23(b)(1). It is undisputed that Lin's 2017 motion to reopen was untimely and number barred because he filed it 17 years after the IJ ordered him deported in absentia in 2000 and he had filed a prior motion to reopen in 2014. The filing period, however, may be tolled for ineffective assistance of counsel if the movant shows that he has exercised due diligence throughout the period he seeks to

3

toll.  *Rashid v. Mukasey*, 533 F.3d 127, 130-31 (2d Cir. 2008).  Moreover, the number and time limitations for filing a motion to reopen do not apply if reopening is sought to apply for asylum and the motion is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding."  8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.23(b)(4)(i).

The agency did not err in declining to reopen based on ineffective assistance of counsel.  First, as the Government notes, Lin does not meaningfully argue in his brief that he diligently pursued his claim, and he has therefore waived review of the issue.  *See Yueqing Zhang v. Gonzales*, 426 F.3d 541, 541 n.1, 545 n.7 (2d Cir. 2005) (issues not sufficiently argued are deemed waived).  Regardless of waiver, there is no error.  To satisfy the diligence requirement, "an alien is required to exercise due diligence both before and after he has or should have discovered [the] ineffective assistance."  *Rashid*, 533 F.3d

4

at 132 (emphasis omitted). "This includes both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed." *Id.* Lin appears to have discovered that he was ordered deported in early 2000, when he visited his attorney's office shortly after the IJ ordered him removed in absentia. Lin did not detail any efforts to remedy his situation from early 2000 until he filed his motions to reopen in 2014 and 2017. Accordingly, the agency did not err in finding a lack of due diligence. *See Jian Hua Wang v. B.I.A.*, 508 F.3d 710, 715 (2d Cir. 2007) (recognizing that there is no time period that is per se unreasonable but citing several cases where "a petitioner who wait[ed] two years or longer to take steps to reopen a proceedings ha[d] failed to demonstrate due diligence.").

As to his claim of changed country conditions, Lin's practice of Christianity is a change in his personal circumstances that does not excuse the time and number limitations on his motion to reopen. *See Wei Guang Wang v. B.I.A.*, 437 F.3d 270, 273-74 (2d Cir. 2006); *Yuen Jin v.*

5

*Mukasey*, 538 F.3d 143, 155 (2d Cir. 2008). To the extent that Lin argues that conditions have worsened for Christians in China, his briefs to the BIA and this Court discuss only more recent events and do not make the necessary comparison to conditions before his 2000 deportation order. *See In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007) ("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the agency] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below."). Moreover, the evidence in the record does not reflect a material change. A 1995 State Department report stated that the Chinese government's "attitude towards religion has vacillated since" 1979 and reported a growing number of persecution claims from members of unsanctioned Christian churches. Lin did not provide any country conditions evidence to support his 2017 motion to reopen, and the references in his motion to reopen and brief to this Court simply reflect a continuation of religious repression.

Accordingly, because Lin did not exercise due diligence in pursuing his ineffective assistance of counsel claim or demonstrate a material change in conditions for Christians in China, he did not satisfy any exception to the time and number limitations on his motion to reopen and the agency did not abuse its discretion in denying his motion as time and number barred. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i)–(ii); *Rashid*, 533 F.3d at 132–33.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court